**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: AUTOMOTIVE WIRE HARNESS
SYSTEMS ANTITRUST LITIGATION            CASE NO. 12-md-02311

      MDL No. 2311                       HON. MARIANNE O. BATTANI

_____/

## ORDER SETTING INITIAL STATUS CONFERENCE

**Preamble:**  Numerous antitrust civil actions involving automotive wire harnesses
and other automotive components have been filed nationwide.  Plaintiff in the first filed
case in this district, Susan Lacava v. Delphi Automotive LLP et al., Case No. 11-cv-
14399, moved the Judicial Panel on Multidistrict Litigation ("JPML"), pursuant to 28
U.S.C. § 1407, to centralize the wire harness systems litigation in the Eastern District of
Michigan.  See In Re: Automotive Wire Harness Systems  Antitrust Litigation, MDL No.
2311.  On February 7, 2012, the JPML granted the motion.  (Attachment 1).

Currently ten cases, all filed directly in the Eastern District of Michigan, involve
Direct Purchaser Plaintiffs.  (Attachment 2).  On February 3, 2012, the Direct Purchaser
Plaintiffs filed a motion to consolidate their actions and to appoint Interim Lead Class
and Liaison Counsel in the Direct Purchaser cases.  (Case No. 11-cv-15186, Doc. No.
11).  The motion is pending and will be considered at the Initial Status Conference.

Thirty-five Indirect Purchaser cases have been filed in the Eastern District of
Michigan, or transferred under MDL No. 2311, or have been identified but are pending
classification as tag-alongs, as of the date of this Order.  (Attachment 3).

Further, three additional MDLs involving other automotive components are pending before the JPML: In Re: Instrument Panel Clusters Antitrust Litigation, MDL No. 2349; In Re: Fuel Senders Antitrust Litigation, MDL No. 2350; and In Re: Heating Control Panels Antitrust Litigation, MDL No. 2351.

Given the administrative and legal complexity of this litigation, the diverse geography of the numerous firms and attorneys who have filed appearances, and in anticipation of the massive number of potential class plaintiffs, the Court is eager to develop a structure to guide the litigation to a just, efficient, and speedy resolution.

**THERFORE, an Initial Status Conference** for all cases in MDL No. 2311 is scheduled for **March 16, 2012, commencing at 10:00 a.m.** and continuing until the business at hand is completed, in the courtroom of the Honorable Marianne O. Battani, at the Theodore Levin Federal Courthouse, Room 272, 231 West Lafayette, Detroit, Michigan.

Preliminary rules and procedures:

(a) **Attendance**.  To minimize costs and facilitate a manageable conference, parties are not required to attend the conference. Parties with similar interests are expected to agree to the extent practicable on a single attorney to act on their joint behalf at the conference.  A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service.

(b) **Service List**.  This Order is being mailed to the persons shown on Attachment 4, which has been prepared from the list of counsel making appearances in the cases listed in Attachments 2 and 3.  Counsel on this list are requested to forward a copy of

2

the Order to other attorneys who should be notified of the conference. A corrected service list will be prepared after the conference.

(c) **Other Participants**. Persons who are not named as parties in this litigation but may later be joined as parties or are parties in related litigation pending in other federal districts are invited to attend in person or by counsel.

(d) **Purposes and Agenda**. The conference will be held for the primary purpose of facilitating the Court and counsel to understand "the lay of the land" and for purposes specified in Fed. R. Civ. P. 16(a), 16(b), and 16(c). Counsel are encouraged to meet and confer and submit to the Court discussion items to be incorporated into an Agenda for this initial conference. Proposed scheduling orders also are welcome. Counsel must submit proposed Agenda items via email to Case Manager, Bernadette Thebolt, at efile_battani@mied.uscourts.gov, by **March 9, 2012**. The Court will finalize the Agenda and file it electronically by March 12, 2012.

(e) **Admission of Counsel**. Attorney admission is governed by Local Rule 83.20. Association of local co-counsel is not required.

(f) **Pleadings**. Each Defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

(g) **Pending and New Discovery**. Pending the conference, all outstanding disclosure and discovery proceedings are stayed, and no further discovery shall be initiated. This Order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conducting a deposition that already has been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under

Federal Rule of Civil Procedure 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rule 33, 34, or 36.

(h). **Later Filed Cases**.   This Order shall also apply to related cases later filed in, removed to, or transferred to this Court.

(i). **Applications for Lead and Liaison Counsel Appointments**.   The Court intends to appoint lead counsel for the Direct Purchaser Plaintiffs and Indirect Purchaser Plaintiffs, as well as liaison counsel.   Applications for these positions must be filed electronically on or before **March 8, 2012**.   The Court will only consider attorneys who have filed a civil action or an appearance in this litigation.   The main criteria for these appointments are (1) willingness and ability to commit to a time-consuming process; (2) ability to work cooperatively with others; (3) professional experience in this type of litigation; and (4) access to sufficient resources to advance the litigation in a timely manner.

        **IN CONCLUSION,** the Court wishes to express clearly its expectation that professionalism, courtesy, and civility will endure throughout these proceedings.   The Manual for Complex Litigation, Fourth at section 10.21 captures the spirit in these terms:

> The added demands and burdens of complex litigation place a premium on attorney professionalism, and the judge should encourage counsel to act responsibly. The certification requirements of Federal Rules of Civil Procedure 11 and 26(g) reflect some of the attorneys' obligations as officers of the court.

Because of the high level of competence and experience that attorneys ordinarily bring to this type of litigation, the Court is confident that this objective will be achieved without judicial intervention.

4

**IT IS SO ORDERED.**

s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE:  February 17, 2012

CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all Counsel of record, electronically.

s/Bernadette M. Thebolt
Case Manager

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

**IN RE: AUTOMOTIVE WIRE HARNESS
SYSTEMS ANTITRUST LITIGATION**

| | | |
|---|---|---|
| Lucha Bott, et al. v. Delphi Automotive LLP, et al., | ) | |
| N.D. California, C.A. No. 3:11-04949 | ) | MDL No. 2311 |
| Susan LaCava v. Delphi Automotive LLP, et al., | ) | |
| E.D. Michigan, C.A. No. 2:11-14399 | ) | |

## TRANSFER ORDER

**Before the Panel:**[*] Pursuant to 28 U.S.C. § 1407, plaintiff in the action pending in the Eastern District of Michigan action moves to centralize this litigation in that district. This litigation currently consists of two actions pending in the Eastern District of Michigan and the Northern District of California.[2]

All responding parties agree that centralization of these actions is appropriate, and most support the Eastern District of Michigan as transferee district. Certain plaintiffs suggest other transferee districts, including the Northern District of California, the Eastern District of Louisiana, the Southern District of Alabama, and the District of Puerto Rico.

On the basis of the papers filed and hearing session held, we find that these actions involve common questions of fact, and that centralization of all actions in the Eastern District of Michigan will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. It is undisputed that these actions share factual questions arising out of an alleged conspiracy to inflate, fix, raise, maintain, or artificially stabilize prices of automotive wire harness systems. Centralization will eliminate duplicative discovery; prevent inconsistent pretrial rulings, including with respect to class certification; and conserve the resources of the parties, their counsel, and the judiciary.

We are persuaded that the Eastern District of Michigan is the most appropriate transferee district. Most responding parties support centralization there, where the vast majority of the actions are pending, including the first-filed action. Moreover, several defendants are located in this district and a related criminal investigation is ongoing there.

---

[*]    Judge W. Royal Furgeson, Jr. took no part in the decision of this matter.

[2]    The parties have notified the Panel that 42 additional related actions are pending. These actions are potential tag-along actions. *See* Rule 7.1, R.P.J.P.M.L.

-2-

IT IS THEREFORE ORDERED that pursuant to 28 U.S.C. § 1407, the action pending in the Northern District of California is transferred to the Eastern District of Michigan and, with the consent of that court, assigned to the Honorable Marianne O. Battani for coordinated or consolidated pretrial proceedings with the action pending there.

PANEL ON MULTIDISTRICT LITIGATION

_____
John G. Heyburn II
Chairman

Kathryn H. Vratil                    Barbara S. Jones
Paul J. Barbadoro                    Marjorie O. Rendell
Charles R. Breyer

**Direct Purchaser Cases Filed in the Eastern District of Michigan**

| No. | Case No. | Caption |
|-----|----------|---------|
| 1 | 11-15186 | Martinez Mnf. Inc. v. Furukawa Electric Co., LTD, et al. |
| 2 | 11-15428 | Tech Aids, Inc. v. Furukawa Electric Co., LTD, et al. |
| 3 | 11-15553 | Mexican Inds. in Mi. Inc. v. Furukawa Electric Co., LTD, et al. |
| 4 | 11-15362 | ACAP, L.L.C. v. Furukawa Electric Co., LTD, et al. |
| 5 | 12-10130 | T.M. Morris Mnf. Co. Inc. v. Furukawa Electric Co., LTD, et al. |
| 6 | 12-10153 | Timberline Mnf. Co. v. Furukawa Electric Co., LTD, et al. |
| 7 | 12-10155 | Dos Manos Tech. L.L.C. v. Furukawa Electric Co., LTD, et al. |
| 8 | 12-10177 | Cesar-Scott Inc. v. Furukawa Electric Co., LTD, et al. |
| 9 | 12-10201 | Paesano Conn. Sys. Inc. v. Furukawa Electric Co., LTD, et al. |
| 10 | 12-10336 | Craft-Co Ent. Inc. v. Furukawa Electric Co., LTD, et al. |

## Indirect Purchaser Cases Filed as of February 17, 2012

### Alabama Southern

| No. | Case No. | Caption |
|---|---|---|
| 1 | 11-00696 | Sirmon et al. v. Delphi Automotive LLP et al. |

### Arkansas Eastern

| No. | Case No. | Caption |
|---|---|---|
| 2 | 11-00757 | Landers Auto Group Number One Inc. v. Delphi Automotive Systems LLC et al. |

### California Northern

| No. | Case No. | Caption |
|---|---|---|
| 3 | 11-05057 | Nicoud v. Furukawa Electric Company LTD et al. |
| 4 | 11-05301 | Kelly et al. v. Delphi Automotive LLP et al. |
| 5 | 11-05477 | Budner et al. v. Delphi Automotive LLP et al. |
| 6 | 11-05773 | Gordon et al. v. Delphi Automotive LLP et al. |
| 7 | 12-00258 | Maravilla et al. v. Delphi Automotive LLP et al. |

### District of Columbia

| No. | Case No. | Caption |
|---|---|---|
| 8 | 11-01892 | Martens Cars of Washington Inc. v. Furukawa Electric Company LTD et al. |

### Louisiana Eastern

| No. | Case No. | Caption |
|---|---|---|
| 9 | 11-03177 | Muscara v. Delphi Automotive LLP et al. |
| 10 | 12-00003 | Brock et al. v. Delphi Automotive LLP et al. |
| 11 | 12-00048 | Keifer v. Delphi Automotive LLP et al. |
| 12 | 12-00062 | Bryne et al. v. Delphi Automotive LLP et al. |
| 13 | 12-00171 | Josefsberg v. Delphi Automotive LLP et al. |

**Indirect Purchaser Cases Filed as of February 17, 2012**

**Michigan Eastern**

| No. | Case No. | Caption |
|-----|----------|---------|
| 14 | 11-14399 | LaCava v. Delphi Automotive LLP et al. |
| 15 | 11-14555 | Ballek v. Delphi Automotive LLP et al. |
| 16 | 11-14556 | Junkins v. Delphi Automotive LLP et al. |
| 17 | 11-14593 | Heller v. Delphi Automotive LLP et al. |
| 18 | 11-14605 | Ascher v. Furukawa Electric Company LTD et al. |
| 19 | 11-14639 | Kashishian  v. Delphi Automotive LLP et al. |
| 20 | 11-14739 | Shah v. Delphi Automotive LLP et al. |
| 21 | 11-14811 | McInnis v. Delphi Automotive LLP et al. |
| 22 | 11-14831 | Brownson v. Furukawa Electric Company LTD et al. |
| 23 | 11-14836 | Herr v. Furukawa Electric Company LTD et al. |
| 24 | 11-14838 | Tracey v. Delphi Automotive LLP et al. |
| 25 | 11-14989 | Adams v. Furukawa Electric Company LTD et al. |
| 26 | 11-15007 | Koch v. Delphi Automotive LLP et al. |
| 27 | 11-15041 | Chase et al. v. Delphi Automotive LLP et al. |
| 28 | 11-15445 | Beck v. Delphi Automotive LLP et al. |
| 29 | 11-15468 | Brandstein v. Delphi Automotive LLP et al. |
| 30 | 12-10260 | Sherman v. Delphi Automotive LLP et al. |
| 31 | 12-10262 | RD Automotive v. Delphi Automotive LLP et al. |

**Minnesota**

| No. | Case No. | Caption |
|-----|----------|---------|
| 32 | 11-03092 | Superstore Automotive, Inc. v. Delphi Automotive LLP et al. |

**Indirect Purchaser Cases Filed as of February 17, 2012**

**Mississippi Southern**

| No. | Case No. | Caption |
|-----|----------|---------|
| 33 | 11-00647 | Hammett Motor Company, Inc. v. Delphi Automotive LLP et al. |

**Puerto Rico**

| No. | Case No. | Caption |
|-----|----------|---------|
| 34 | 11-02176 | Crespo v. Delphi Automotive LLP et al. |

**West Virginia Southern**

| No. | Case No. | Caption |
|-----|----------|---------|
| 35 | 12-00079 | Nickell v. Delphi Automotive LLP |

**UNTIED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

IN RE: AUTOMOTIVE WIRE HARNESS
SYSTEMS ANTITRUST LITIGATION          CASE NO. 12-md-02311

          MDL No. 2311                 HON. MARIANNE O. BATTANI

_____/

## ATTACHMENT 4

        Due to the size of the service list, please refer to Attachment No. 4 in Doc. No. 1

in Case No. 12-md-02311.